IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In the WARFARIN SODIUM ANTITRUST LITIGATION | ) ) ) ) ) |
| This document relates to: All Actions. | MDL 98-1232 (SLR) |

**JOINT DECLARATION OF JENNIFER W. SPRENGEL AND BERNARD PERSKY IN SUPPORT OF SUPPLEMENTAL APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

JENNIFER W. SPRENGEL and BERNARD PERSKY declare as follows:

1. Jennifer W. Sprengel is a partner with Miller Faucher and Cafferty LLP ("Miller Faucher"). Bernard Persky is a partner with Goodkind Labaton Rudoff & Sucharow LLP ("Goodkind Labaton"). We are the Co-Chairs of the Executive Committee of Counsel for Plaintiffs (the "Executive Committee") in the above-captioned litigation (the "Action"). Our firms make this joint declaration in support of the accompanying supplemental application for attorneys' fees and reimbursement of expenses. If called as witnesses, we can competently testify to the facts stated herein.

**Relevant Procedural History and Scope of Application**

2. The Action arose out of allegations that DuPont Merck Pharmaceutical Company, now known as DuPont Pharmaceuticals Company ("Defendant"), engaged in an unlawful scheme to, *inter alia*, boost sales and profits of its warfarin sodium product, Coumadin, by fostering unwarranted concerns over the safety and effectiveness of less expensive generic substitutes, thereby discouraging their use.

3. On August 30, 2002, the Court issued an Opinion and Order holding that: (i) a proposed nationwide class of consumers and third-party payors of Coumadin (the "Class") satisfied

requirements for certification of a settlement class; (ii) a proposed $44.5 million all cash settlement with Defendant (the "Settlement") was fair, reasonable and adequate, and; (iii) an award of attorneys' fees in the amount of $10 million, plus costs and expenses of $832,382.00 was reasonable. *See In re Warfarin Sodium Antitrust Litigation*, 212 F.R.D. 231, 252, 258, 262-63 (D. Del. 2002) (the "Settlement Approval Order") (annexed hereto as Exhibit A).

4. On December 8, 2004, in deciding four appeals by objectors to the Settlement, the United States Court of Appeals for the Third Circuit affirmed the Settlement Approval Order in all respects. *See In re Warfarin Sodium Antitrust Litigation*, 391 F.3d 516 (3d Cir. 2004) (annexed hereto as Exhibit B). The period within which to file a writ of *certiorari* expired in March 2005.

5. The fees and expenses awarded in the Settlement Approval Order were for time spent and expenses incurred by counsel for the Class from the inception of the Action through December 31, 2001, as reflected in the time and expense affidavits Class counsel submitted in support of their January 15, 2002 motion for approval of an award of attorneys' fees and litigation costs and expenses.

6. With this application, we seek a supplemental award of attorneys' fees and reimbursement of expenses incurred from January 1, 2002 through March 31, 2005, on behalf of the five firms responsible for prosecuting the Action on behalf of the Class during that time period, *i.e.*: Miller Faucher; Goodkind Labaton; Zwerling, Schachter & Zwerling, LLP ("Zwerling Schachter"); Lowey Dannenberg Bemporad & Selinger, P.C. ("Lowey Dannenberg"), and; Chimicles & Tikellis LLP ("Chimicles & Tikellis").[1] These five firms are referred to collectively herein as "Plaintiffs' Primary Counsel."

---

[1] Per this Court's Pretrial Case Management Order dated February 28, 2001, Miller Faucher and Goodkind Labaton were appointed Co-Chairs of the Executive Committee, Zwerling Schachter was appointed Executive

2

7. The aggregate amounts requested by Plaintiffs' Primary Counsel is $1,083,249.59 in attorneys' fees and $53,183.09 in expenses. Plaintiffs' Primary Counsel remained at risk with respect to their accrued time and expenses during the period after December 31, 2001. Had the Settlement Approval Order been reversed on appeal, the Settlement with Defendant would have become null and void. While this arguably warrants the application of a multiplier to the value of the time billed in the Action from and after January 1, 2002, Plaintiffs' Primary Counsel are seeking only an award of attorneys' fees and costs based on a straight lodestar basis.

8. The work of each of Plaintiffs' Primary Counsel in prosecuting the Action from and after January 1, 2002, is discussed in greater detail below. In addition, annexed hereto as Exhibits C through G are affidavits from the attorneys at each firm with principal responsibility for prosecuting the Action. These affidavits identify each firm's respective time and expenses from January 1, 2002 through March 31, 2005.

9. The August 1, 2001 Order Conditionally Certifying Settlement Class and Preliminarily Approving Proposed Settlement (the "Conditional Settlement Approval Order") authorized notification to members of the Class that "counsel for Plaintiffs and the Class will apply to the Court for an award of attorneys' fees of no more than 25% of the Settlement Fund...[and]... may make a supplemental application to the Court for attorneys' fees and expenses." Annexed hereto as Exhibit H is a copy of the Notice of Settlement of Class Action and Hearing Thereon ("Notice of Settlement") and Proof of Claim form mailed to Class members. The quoted language above appears in Exhibit H under the heading **<u>ATTORNEYS' FEES AND OTHER COSTS</u>** (emphasis in original).[2]

---

Committee Consumer Counsel, Lowey Dannenberg was appointed Executive Committee Third-Party Payor Counsel, and Chimicles & Tikellis was appointed Liaison Counsel for All Plaintiffs.

[2] *See also* http://www.coumadinsettlement.com/notice_of_settlement_html.php.

10. On March 31, 2005, we authorized the closure of the escrow account established by the Settlement and the transfer of the Settlement Fund to Complete Claim Solutions, Inc. (the "Claims Administrator"). The Settlement Fund is currently invested in U.S. Government-backed securities and will continue to accrue interest until distributed in accordance with the terms of the Settlement. The Settlement Fund has earned in excess of $1.7 million in accrued interest since its inception.

11. Since the amount being sought herein is less than the interest which has been earned on the Settlement Fund, each Class member will still receive the entire amount of the Recognized Loss (as that term is defined in the Settlement's Allocation and Distribution Plan) that was otherwise payable to that Class member on the date the Settlement Approval Order was entered. In addition, the amount sought, when added to the fees awarded per the Settlement Approval Order, still amounts to less than the 25% of the Settlement Fund originally applied for by Class counsel.

12. All awards and reimbursements are sought to be paid out of the Settlement Fund.

**The Work Performed by Plaintiffs' Primary Counsel**

13. The prosecution of the Action on a coordinated basis by experienced class action law firms has resulted in an efficiently run case. Communication among Plaintiffs' Primary Counsel ensured that the professional time required to accomplish necessary tasks was kept to a minimum. Duplication of efforts on discrete matters was substantially minimized or eliminated. On more complex tasks, counsel from different firms coordinated their efforts to achieve economies of scope and scale resulting in efficiently produced, high quality work product.

14. We, as Co-Chairs of the Executive Committee, have been ultimately responsible for the overall prosecution of the Action on behalf of the Class. In connection with our role in

supervising the conduct of other Class counsel between January 1, 2002 and March 31, 2005, we have requested, received and reviewed the contemporaneous time and expense records regularly maintained by Zwerling Schachter, Lowey Dannenberg and Chimicles & Tikellis.

15. Based on our review, and our personal knowledge of the work performed by these firms in prosecuting the Action, we can represent to this Court that the services provided, and the time and expenses reported, appear in our estimation to be accurate, and the tasks performed were reasonably necessary to the prosecution of the Action. None of the time and expenses related to this Supplemental Application for Attorneys' Fees and Reimbursement of Expenses is included in this request.

16. The contemporaneous time and expense records of Plaintiffs' Primary Counsel are available for inspection and can be produced immediately should the Court require their production.

17. Between January 1, 2002 and March 31, 2005, the prosecution of the Action can be divided into three main categories of work: securing approval of the Settlement before this Court, advocating in the Court of Appeals for the Settlement Approval Order to be affirmed, and administration of the Settlement. Plaintiffs' Primary Counsel performed myriad tasks in furthering these objectives, including:

- Researching, drafting and filing submissions in anticipation of the January 22, 2002 hearing to determine whether the Settlement was fair, reasonable and adequate for the Class (the "Fairness Hearing");
- Preparing for and participating in the Fairness Hearing;
- Researching, drafting and filing post-Fairness Hearing submissions to the Court responding to arguments raised and motions made by the several objectors to the Settlement;
- Consulting with experts as necessary to prepare the post-Fairness Hearing submissions requested by the Court;
- Researching, drafting and filing motion in the Third Circuit Court of Appeals for summary affirmance or, in the alternative, expedited appeal;

5

- Researching, drafting and filing responsive briefs for each of the four appeals;
- Generating appendices for the Court of Appeals;
- Confirming the accuracy and completeness of the Record on Appeal;
- Researching, drafting and filing motions with respect to sealing portions of the record on appeal;
- Participating in conference with appellate Case Manager concerning mediation and alternative dispute resolution;
- Preparing for and participating in oral argument before the Court of Appeals on October 29, 2003;
- Submitting additional relevant authority to the attention of the Court of Appeals after oral argument;
- Overseeing and reviewing work assigned to other class counsel.
- Working with the Claims Administrator concerning issues arising from submitted claims;
- Responding to numerous consumer and third-party payor telephone and written inquiries concerning case and claim status.

18. As reflected in Exhibits C through G, the fees and expenses requested by Plaintiffs' Primary Counsel are as follows:

| Firm | Attorneys' Fees Jan. 1, 2002-Mar. 31, 2005 | Expenses Jan. 1, 2002-Mar. 31, 2005 |
|---|---|---|
| Goodkind Labaton | $507,107.50 | $18,274.07 |
| Miller Faucher | $356,006.00 | $27,881.95 |
| Lowey Dannenberg | $80,816.25 | $2,797.17 |
| Zwerling Schachter | $70,413.00 | $1,405.77 |
| Chimicles & Tikellis | $15,723.75 | $2,824.13 |
| **Totals** | **$1,030,066.50** | **$53,183.09** |
| **Aggregate Requested Attorneys' Fees and Expenses** | | **$1,083,249.59** |

C.  **The Supplemental Request of the Claims Administrator**

19. We have been advised by the Claims Administrator that its fees and costs are in excess of those originally estimated for completing the administration of the Settlement. The Claims Administrator therefore requests reimbursement with respect to those fees and costs.

20. When this Court approved the Settlement and awarded fees and reimbursement of expenses, it approved a payment of $137,875.00 to the Claims Administrator to cover the estimated fees and costs expected to be incurred in completing the administration of the Settlement. *See* Settlement Approval Order, 212 F.R.D. at 263. The Court further stated that "[i]f the additional costs exceed $137,875 by more than 10%, the administrator shall submit an explanation for the additional requirements to the court for approval." *Id.*

21. Per the Settlement Approval Order, the accompanying affidavit of Dawn E. Addazio, President of Complete Claim Solutions, Inc., regarding the status of the Settlement Fund and in support of Complete Claim Solutions, Inc.'s supplemental application for settlement administration costs (the "Addazio Affidavit") constitutes the Claims Administrator's "explanation for the additional requirements" to make CCS whole in connection with the costs it has incurred in administering the Settlement since May 31, 2002. As explained in the Addazio Affidavit, which, along with its attachments is annexed hereto as Exhibit I, the Claims Administrator seeks an additional $280,302.65. We have been advised by the Claims Administrator that it is approximately ninety days from completing the claims processing procedures. However, in order to calculate accurately the payments to each claimant whose Proof of Claim is valid, it needs to know the amount remaining in the Settlement Fund after the payment of additional fees and expenses which this Court may award to Plaintiffs' counsel and to the Claims Administrator for its additional fees and costs.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed July 27, 2005 at Chicago, Illinois.

*[signature]*
JENNIFER W. SPRENGEL

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed July 28, 2005 at New York, New York.

*[signature]*
BERNARD PERSKY