IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re WARFARIN SODIUM<br>ANTITRUST LITIGATION<br><br>This document relates to: All Actions. | )<br>)<br>)   MDL 98-1232 (SLR)<br>)<br>) |

**CLASS COUNSEL'S BRIEF IN SUPPORT OF
SUPPLEMENTAL APPLICATION FOR FEES AND EXPENSES**

Pamela Tikellis (#2172)
Robert J. Kriner, Jr. (#2546)
A. Zachary Naylor (#4439)
CHIMICLES & TIKELLIS LLP
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899

*Liaison Counsel for All Plaintiffs*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

Background ........................................................................................................................... 1

Discussion ............................................................................................................................. 4

      A.      Plaintiffs' Primary Counsel should be awarded supplemental fees
            and expenses for successfully prosecuting the Action through the
            appellate process while continuing to bear the risk of nonpayment. ...................... 4

      B.      Members of the Class have been given adequate notice with
            respect to this supplemental fee application .......................................................... 5

      C.      The Claims Administrator should be awarded supplemental fees
            and expenses for work performed in administering the Settlement
            for which it has not yet been compensated ............................................................. 6

      D.      The amounts requested by the supplemental applications are more
            than offset by the interest the Settlement Fund has accrued; Class
            members will receive the full amount to which they were originally
            entitled .................................................................................................................. 8

      E.      The Administration of the Settlement Is Nearly Complete ..................................... 8

Conclusion ............................................................................................................................ 9

## TABLE OF AUTHORITIES

<u>Page</u>

### CASES

*Boeing Co. v. Van Gemert,*
   444 U.S. 472 (1980)..........................................................................................6

*Florin v. Nationsbank of Georgia, N.A.,*
   60 F.3d 1245 (7th Cir. 1995) ...........................................................................7

*Mills v. Electric Auto-Lite Co.,*
   396 U.S. 375, 90 S. Ct. 616, 24 L. Ed. 2d 593 (1970)....................................7

*Olick v. Parker & Parsley Petroleum Co.,*
   145 F.3d 513 (2d Cir. 1998)..............................................................................7

*In re Warfarin Sodium Antitrust Litigation,*
   212 F.R.D. 231 (D. Del. 2002) ...................................................................3, 7, 8

*In re Warfarin Sodium Antitrust Litigation,*
   391 F.3d 516 (3d Cir. 2004)...............................................................................3

The five law firms identified below respectfully submit this memorandum in support of their supplemental application for attorneys' fees and litigation expenses for the period from January 1, 2002 through March 31, 2005, and the supplemental application of Complete Claim Solutions, Inc. for fees and expenses reasonably incurred subsequent to May 31, 2002 that are in excess of the amounts previously awarded by the Court..

## Background

This litigation (the "Action") arises out of allegations that DuPont Merck Pharmaceutical Company, now known as DuPont Pharmaceuticals Company ("Defendant"), engaged in an unlawful scheme to, *inter alia*, boost sales and profits of its warfarin sodium product, Coumadin, by fostering unwarranted concerns over the safety and effectiveness of less expensive generic substitutes, thereby discouraging their use.

Per this Court's Pretrial Case Management Order, dated February 28, 2001, the following five law firms (collectively, "Plaintiffs' Primary Counsel") were appointed to the Executive Committee of Counsel for Plaintiffs (the "Executive Committee") in the Action:

- Miller Faucher and Cafferty LLP
  Co-Chair of the Executive Committee;

- Goodkind Labaton Rudoff & Sucharow LLP
  Co-Chair of the Executive Committee;

- Zwerling, Schachter & Zwerling, LLP
  Executive Committee Consumer Counsel;

- Lowey Dannenberg Bemporad & Selinger, P.C.
  Executive Committee Third-Party Payor Counsel, and;

- Chimicles & Tikellis LLP ("Chimicles & Tikellis")
  Liaison Counsel for All Plaintiffs.

On August 30, 2002, the Court issued an Opinion and Order holding that: (i) a proposed nationwide class of consumers and third-party payors of Coumadin (the "Class") satisfied requirements for certification of a settlement class; (ii) a proposed $44.5 million all-cash settlement with Defendant (the "Settlement") was fair, reasonable and adequate, and; (iii) an award of attorneys' fees to counsel for the Class in the amount of $10,012,500.00, plus costs and expenses of $832,382.00 was reasonable. *See In re Warfarin Sodium Antitrust Litigation*, 212 F.R.D. 231, 252, 258, 262-63 (D. Del. 2002) (the "Settlement Approval Order").[1]

On December 8, 2004, in deciding four appeals by objectors to the Settlement, the United States Court of Appeals for the Third Circuit affirmed the Settlement Approval Order in all respects. *See In re Warfarin Sodium Antitrust Litigation*, 391 F.3d 516 (3d Cir. 2004).

The fees and expenses awarded in the Settlement Approval Order were for time spent and expenses incurred by counsel for the Class from the inception of the Action through December 31, 2001, as reflected in the time and expense affidavits Class counsel submitted in support of their January 15, 2002 motion for approval of an award of attorneys' fees and litigation costs and expenses. *See* the accompanying Joint Declaration of Jennifer W. Sprengel and Bernard Persky in Support of Supplemental Application for Attorneys' Fees and Reimbursement of Expenses (the "Joint Declaration") ¶5.

---

[1]    The Court awarded attorneys' fees of 22.5% of $44,500,000, the principal amount of the Settlement.

As described more fully in the Joint Declaration, Plaintiffs' Primary Counsel have been responsible for successfully prosecuting the Action on behalf of the Class since December 31, 2001. This application thus seeks a supplemental award of attorneys' fees and reimbursement of expenses incurred from January 1, 2002 through March 31, 2005 (*i.e.*, the date on which the common fund established by the Settlement (the "Settlement Fund") was transferred from the escrow account established by the Settlement to Complete Claim Solutions, Inc. (the "Claims Administrator")). *See* Joint Declaration ¶6, 10. In the aggregate, the amount requested herein by Plaintiffs' Primary Counsel is $1,083,249.59 (*i.e.*, $1,030,066.50 in fees and $53,183.09 in expenses). *See* Joint Declaration ¶18 & Exhs. C through G.

In addition, the Claims Administrator seeks payment for services rendered and expenses incurred that are in excess of its original estimate for completing the administration of the Settlement. The Claims Administrator seeks payment for an additional $280,302.65, the majority of which relates to unanticipated fees and expenses incurred during the period in which the Settlement Approval Order was on appeal, and the remainder of which are for other fees and expenses necessarily incurred by the Claims Administrator in connection with the administration of the Settlement. *See* Joint Declaration ¶¶19-21 & Exh. I.

All awards and reimbursements are sought to be paid out of the Settlement Fund.

**Discussion**

A.    **Plaintiffs' Primary Counsel should be awarded supplemental fees and expenses for successfully prosecuting the Action through the appellate process while continuing to bear the risk of nonpayment.**

It is well-settled that attorneys who achieve a benefit for class members are entitled to be compensated for their services. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Indeed, as a leading treatise has noted:

> Lawyers whose efforts succeed in creating a common fund for the benefit of a class are entitled not only to reasonable fees, but also to recover from the fund, as a general matter, expenses, reasonable in amount, that were necessary to bring the action to a climax.

NEWBERG ON CLASS ACTIONS (4th ed.) §14:8, p. 603. *See also Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-92, 90 S.Ct. 616, 625-26, 24 L.Ed.2d 593 (1970) (under the exercise of its equitable powers, a federal court may fashion an attorney's fee award to successful litigants who confer a common benefit upon a class of individuals not participating in the litigation).

Bringing the Action to its final conclusion has involved not only the work done from the inception of the litigation through December of 2001, for which Plaintiffs' Primary Counsel have already been compensated, but more than three additional years' worth of time and expenses in litigating and tending to the administration of the Settlement.

In particular, Plaintiffs' Primary Counsel successfully steered the Settlement past the objections filed with this Court, and then successfully defended the Settlement Approval Order against four separate appeals filed with the United States Court of Appeals for the Third Circuit. *See* Joint Declaration ¶¶13-17. All the while, Plaintiffs' Primary Counsel

continued to spend additional time, and incur additional costs in prosecuting the Action, with no assurance whatsoever that they would be compensated for *any* of their fees or expenses. Had the Settlement Approval Order been reversed on appeal, the Settlement with Defendant would have become null and void. *See* Joint Declaration ¶7.

In light of the additional work – and continued risk – undertaken by Plaintiffs' Primary Counsel, a supplemental award of fees and expenses is entirely appropriate. *See, e.g., Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513 (2d Cir. 1998) (affirming district court's grant of class counsel's supplemental fee application). *Cf. Florin v. Nationsbank of Georgia, N.A.*, 60 F.3d 1245, 1247 (7th Cir. 1995) ("[T]he court must also be careful to sustain the incentive for attorneys to continue to represent such clients on an 'inescapably contingent' basis.") (citations omitted).

**B.    Members of the Class have been given adequate notice with respect to this supplemental fee application.**

Members of the Class have been provided with ample notice of critical information with respect to the fees and expenses of Class counsel. The August 1, 2001, Notice of Proposed Class Action Settlement and Hearing Thereon (the "Settlement Notice") alerts Class members that "counsel for Plaintiffs and the Class will apply to the Court for an award of attorneys' fees of no more than 25% of the Settlement Fund" and that "Plaintiffs' Counsel may make a supplemental application to the Court for attorneys' fees and expenses." *See* Joint Declaration ¶9 & Exh. H.[2]   Even with the $1,030,066.50 in fees requested by this supplemental application, the aggregate fee, *i.e.*, $11,042,566.50 ($10,012,500.00 per the

---

[2]    For several years, the Settlement Notice has been available on the Internet at the "*www.coumadinsettlement.com*" website. *See* Joint Declaration ¶9 n.2 and Exh. H.

Settlement Approval Order plus the amount requested herein), represents only 24.81% of the $44.5 million Settlement Fund. In other words, even with the grant of this supplemental application, the aggregate fee amount will still be *less* than that of which Class members have already been apprised.

### C.    The Claims Administrator should be awarded supplemental fees and expenses for work performed in administering the Settlement for which it has not yet been compensated.

The Claims Administrator requests Court approval of additional funds in connection with the ongoing services rendered and expenses incurred in administering the Settlement Fund since May 31, 2002. *See* Joint Declaration ¶19-21 & Exh. I. When this Court approved the Settlement and awarded fees and reimbursement of expenses, it approved a payment of $137,875.00 to the Claims Administrator to cover the estimated fees and expenses expected for completing the administration of the Settlement. *See* Settlement Approval Order, 212 F.R.D. at 263. The Court further stated that "[i]f the additional costs exceed $137,875 by more than 10%, the administrator shall submit an explanation for the additional requirements to the court for approval." *Id.*

The accompanying affidavit of Dawn E. Addazio, President of Complete Claim Solutions, Inc., regarding the status of the Settlement Fund and in support of Complete Claim Solutions, Inc.'s supplemental application for settlement administration costs (the "Addazio Affidavit") constitutes the Claims Administrator's "explanation for the additional requirements" to make CCS whole in connection with the costs it has incurred in administering the Settlement since May 31, 2002. *See* Joint Declaration Exh. I (Addazio Affidavit ¶7).

6

The Claims Administrator seeks an additional $280,302.65, the majority of which relates to unanticipated fees and costs incurred during the period in which the Settlement Approval Order was on appeal. The Claims Administrator's projections did not anticipate that the administration of the Settlement would continue for another three years after the Settlement Approval Order had issued. During that time, the Claims Administrator incurred greater administrative, transactional, maintenance and vendor costs than originally projected. In addition, because the appeals threatened the very existence of the Settlement, the Claims Administrator was instructed to and did stop all activities relating to the processing of claims while the appeals were pending. There were costs associated both with winding down operations when the stop-work instruction came in, and with ramping up operations when the affirmance of the Settlement Approval Order became final in March 2005. The Claims Administrator now seeks reimbursement for these additional incurred costs. *See* Joint Declaration Exh. I (Addazio Affidavit ¶¶8, 11-13).

The Claims Administrator has incurred other costs in connection with activities were necessary for the administration of the Settlement for which the Claims Administrator now seeks reimbursement. *See* Joint Declaration Exh. I (Addazio Affidavit ¶¶9-10, 14-18). Indeed, aside from the unanticipated appeal-related costs for which CCS also seeks reimbursement, CCS's aggregate costs for administering the Settlement are actually below its original proposal. In other words, were it not for the appeal-related costs, CCS would have come in under budget. *See* Joint Declaration Exh. I (Addazio Affidavit ¶¶12, 19).

7

**D.     The amounts requested by the supplemental applications are more than offset by the interest the Settlement Fund has accrued; Class members will receive the full amount to which they were originally entitled.**

All Class members who submitted a claim will receive at least the same distribution from the Settlement Fund that they would have received had it been paid out in 2001. The aggregate of Plaintiffs' Primary Counsel's supplemental application and the Claims Administrator's application, *i.e.*, seek, $1,363,552.24, is more than offset by the over $1.7 million in interest that has accrued to the Settlement Fund since its inception. In addition, the Settlement Fund is currently invested in U.S. Government-backed securities and will continue to accrue interest until distributed in accordance with the terms of the Settlement. *See* Joint Declaration ¶ 10 & Exhibit I (Addazio Affidavit ¶4).

**E.     The Administration of the Settlement Is Nearly Complete.**

Plaintiffs' Primary Counsel have been advised by the Claims Administrator that it is approximately ninety days away from completing the claims processing procedures, but that to more accurately calculate the payments to each claimant whose Proof of Claim is valid, it needs to know the amount remaining in the Settlement Fund after the payment of any additional fees and expenses which this Court may award to Plaintiffs' Primary Counsel and to the Claims Administrator. *See* Joint Declaration ¶21 & Exh. I (Addazio Affidavit ¶3).

8

## Conclusion

Accordingly, Plaintiffs' Primary Counsel respectfully request that the Court: (i) grant a supplemental award of $1,030,066.50 in attorneys' fees and $53,183.09 in expenses to compensate Plaintiffs' Primary Counsel for the work performed on behalf of the Class subsequent to December 31, 2001, and; (ii) grant a supplemental award of $280,302.65 to compensate the Claims Administrator for its fees and expenses reasonably incurred subsequent to May 31, 2002 that are in excess of the amounts previously awarded by the Court.

Dated: August 8, 2005

**CHIMICLES & TIKELLIS LLP**

By: _____

Pamela Tikellis (#2172)
Robert J. Kriner, Jr. (#2546)
A. Zachary Naylor (#4439)
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899
(302) 656-2500

*Liaison Counsel for Plaintiffs*

**GOODKIND LABATON
RUDOFF & SUCHAROW LLP**
Bernard Persky
100 Park Avenue
New York, New York 10017-5563
(212) 907-0700

- and-

9

**MILLER FAUCHER and
CAFFERTY LLP**
Marvin A. Miller
Jennifer W. Sprengel
30 North LaSalle Street
Suite 3200
Chicago, Illinois 60602
(312) 782-4880

*Co-Chair of Executive Committee
of Counsel for Plaintiffs*

**ZWERLING, SCHACHTER
& ZWERLING, LLP**
Susan Salvetti
767 Third Avenue
New York, New York 10017
(212) 223-3900

*Consumer Counsel Member of
Executive
Committee of Counsel for Plaintiffs*

**LOWEY DANNENBERG
BEMPORAD
& SELINGER, P.C.**
Richard W. Cohen
The Gateway - 11th Floor
One North Lexington Avenue
White Plains, New York 10601
(914) 997-0500

*Third Party Payor Counsel Member
of
Executive Committee of Counsel for
Plaintiffs*

10