IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re WARFARIN SODIUM ANTITRUST LITIGATION )<br>)<br>) | MDL 98-1232 (SLR) |
| This document relates to: All Actions. ) | |

## CLASS COUNSEL'S UNOPPOSED MOTION
## FOR DISBURSEMENT OF FUNDS

Class Counsel moves this Court for an Order granting their Motion for Disbursement of Funds. Class Counsel has conferred with Defendant and Defendant does not oppose this motion:

1. This action arose out of allegations that DuPont Merck Pharmaceutical Company, now known as DuPont Pharmaceuticals Company, engaged in an unlawful scheme to, *inter alia*, boost sales and profits of its warfarin sodium product, Coumadin, by fostering unwarranted concerns over the safety and efficacy of less expensive generic substitutes, thereby discouraging their use.

2. On August 30, 2002, the Court issued an Opinion and Order holding that a proposed nationwide class of consumers and third-party payors of Coumadin (the "Class") satisfied requirements for certification as a settlement class, and a proposed $44.5 million all cash settlement of the Action (the "Settlement") was fair, reasonable and adequate. *See In re Warfarin Sodium Antitrust Litigation*, 212 F.R.D. 231, 252, 258, 262-63 (D. Del. 2002) (the "Settlement Approval Order") (D.I. 298; D.I. 299).

3. On December 8, 2004, in deciding four appeals by objectors to the Settlement, the United States Court of Appeals for the Third Circuit affirmed the Settlement Approval Order in all respects. *See In re Warfarin Sodium Antitrust Litigation*, 391 F.3d 516 (3d Cir. 2004). The period within which to file a writ of *certiorari* expired in March 2005. Because the appeals to

the Settlement Approval Order threatened the very existence of the Settlement itself, Class Counsel instructed the Complete Claim Solutions, Inc. (the "Claims Administrator") to cease claims processing activities in 2002 once the appeals were filed (the "Stop Work Instruction"). Immediately after the Settlement Approval Order became final and non-appealable in 2005, Class Counsel instructed the Claims Administrator to resume its work in processing claims of would-be Class members.

4.  The Claims Administrator has recently completed its review and processing of all claims.

5.  Under Class Counsel's direction, the Claims Administrator has calculated the Recognized Losses for eligible consumer and third-party payor ("TPP") claimants. Applying the eligibility and payment criteria discussed herein, the Claims Administrator has determined that there are 47,913 eligible consumer claimants with Recognized Losses of $4,386,500.86, and 943 eligible TPP claimants with Recognized Losses of $79,637,103.38. Using these calculations, approximately $1,480,000.00 of the "Preferential Fund" (*i.e.*, that portion of the Net Settlement Fund set aside for consumer claims in the Settlement's Court-approved Allocation and Distribution Plan) will be available after all consumer claims are satisfied; this amount will be added to the remainder of the Net Settlement Fund for payment of the Recognized Loss of TPPs on a *pro rata* basis.

6.  In furtherance of the Net Settlement Fund's distribution, Class Counsel requests that this Court approve the following distribution of Net Settlement Funds, the instructions for which Class Counsel has communicated to the Claims Administrator. Distribution of these Funds as set forth below will begin promptly after the Proposed Order's entry [1]:

---

[1] *See Declaration of Jennifer W. Sprengel,* submitted herewith, for justification of the foregoing distribution schedule's components.

    a. 775 consumer claims (with an aggregate Recognized Loss of $76,066.38) and 80 TPP claims (with an aggregate Recognized Loss of $5,272,286.96) received after the filing deadline of April 30, 2002 are to be included among the eligible claims;

    b. claims filed by consumers who failed to include proof-of-purchase data with their Proof of Claim forms are to be included among the eligible claims;

    c. The 834 consumers whose Proof of Claim forms did not include their Coumadin purchases, and the 8,456 consumers whose Proof of Claim forms detailed Coumadin purchases and consequent Recognized Losses of less than $20.00 are to receive a "minimum payment" of $20.00.

7. The foregoing Distribution schedule increases the total number of consumer Class members sharing in the Settlement and increases the aggregate Net Settlement Fund payment to consumers, while still allowing (a) all other consumer Class members to receive 100% of their actual Recognized Loss and (b) approximately $1.48 million of the consumer "Preferential Fund" to be added to the remainder of the Net Settlement Fund for payment of the Recognized Loss of TPPs.

**WHEREFORE,** Class Counsel respectfully requests that this Court grant their Motion and enter the Proposed Distribution Order, attached hereto.

Dated: December 13, 2005                        **CHIMICLES & TIKELLIS LLP**

                                            By: _____
                                                 Pamela Tikellis (#2172)
                                                 Robert J. Kriner, Jr. (#2546)
                                                 A. Zachary Naylor (#4439)
                                                 Robert R. Davis (#4536)

One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899
(302) 656-2500

*Liaison Counsel for Plaintiffs*

**LABATON RUDOFF & SUCHAROW LLP**
Bernard Persky
100 Park Avenue
New York, New York 10017-5563

- and-

**MILLER FAUCHER and CAFFERTY LLP**
Marvin A. Miller
Jennifer W. Sprengel
30 North LaSalle Street
Suite 3200
Chicago, Illinois 60602

*Co-Chair of Executive Committee
of Counsel for Plaintiffs*